

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Melvin Barnes, Tracy Steele, and Jeremy Williams on behalf of themselves and all other black persons similarly situated, | ) ) ) ) ) CIVIL ACTION NO. 04-C-1249 ) |
| Plaintiffs, | ) Judge: James B. Zagel |
| v | ) Magistrate Judge: Michael T. Mason ) |
| Canadian National Railway Co., Grand Trunk Corporation, Grand Trunk Western Railroad, Inc., Illinois Central Corporation, Illinois Central Railroad Company, Wisconsin Central Transportation Corporation, Wisconsin Central Limited. | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **FINAL APPROVAL ORDER**

This cause is now before the Court on the Joint Motion for Final Approval of the Class Action Settlement between plaintiffs, Melvin Barnes, Tracy Steele, and Jeremy Williams as Class Representatives ("Named Plaintiffs"), and the Railroad, which is defined in the Decree as all U.S. operating railroad subsidiaries of Canadian National Railway Company, including Bessemer and Lake Erie Railroad Company, Chicago, Central & Pacific Railroad Company, Cedar River Railroad Company, Duluth, Missabe and Iron Range Railway Company, Duluth, Winnipeg and Pacific Railway Company, Elgin, Joliet and Eastern Railway Company, Grand

Trunk Western Railroad Company, Illinois Central Railroad Company, The Pittsburgh and Conneaut Dock Company, Sault Ste. Marie Bridge Company, and Wisconsin Central Ltd. Pursuant to the Court's October 26, 2009 Order preliminarily approving the proposed settlement, this action now comes before the Court for a Fairness Hearing on January 7, 2010, to consider the matter set forth in the Preliminary Approval Order; due notice of said hearing having been given pursuant to the Court's October 26, 2009 Order; and all members of the class having been provided the opportunity to file timely objections to the proposed Consent Decree ("Decree") as described in the Notice of Proposed Settlement; and the Court having considered the matter and all of the submissions filed in connection therewith, and the oral presentation of counsel at said hearing, and good cause appearing therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

JURISDICTION

1. This Court has jurisdiction over the claims at issue in this action, as well as over the Parties and the Railroad. "Parties" means the Named Plaintiffs and "Defendants" in this Litigation. The Named Plaintiffs are Melvin Barnes, Tracy Steele and Jeremy Williams. The "Defendants" are Grand Trunk Western Railroad Incorporated, Illinois Central Railroad Company, and Wisconsin Central Ltd. Canadian National Railway Company, Grand Trunk Corporation, Illinois Central Corporation and Wisconsin Central Transportation Corporation, being holding companies and not operating, policy-setting or employer companies, were not

-2-

served with the Third Amended Complaint and were dismissed from this case, without prejudice, by stipulation of the Parties on May 21, 2008.

PREVIOUS PROCEEDINGS

2. Substantial discovery has been initiated and completed in this case. Named Plaintiffs filed an initial Complaint and three Amended Complaints in this case. Subsequent to discovery, the parties have engaged in extensive mediation and settlement discussions. The parties have kept the Court informed of the status of their settlement efforts.

THE SETTLEMENT CLASS

3. For the purposes of settlement of this case only, Named Plaintiffs seek to have the following settlement class certified: "All African-American employees of the Railroad from February 18, 2000 to October 21, 2009."

For the purposes of settlement, the parties agree to the conditional certification of said class. Applying the factors set forth in Rule 23(a) and Rule 23(b)(3), the Court determines that it is appropriate to conditionally certify said class for settlement purposes.

   a.   Numerosity

The numerosity requirement of Rule 23(a) is satisfied because the proposed class involves in excess of 1500 African-Americans during the relevant time period. The Court also finds that joinder would be impracticable.

   b.   Commonality

The commonality requirement of Rule 23(a)(2) is satisfied because there is at least one factual or legal issue which is common to all, or substantially all, of the class members. Named Plaintiffs allege that the Railroad has engaged in systemic racial discrimination, including a pattern and practice of intentional discrimination and practices having unlawful disparate impact in its selection procedures with regard to promotions to and training for Covered Positions (as Covered Positions are defined in Section II.F. of the Decree), and the working conditions that face African-American employees ("Common Practices"). These allegations involve interrelated factual and legal issues for each potential member of the class. Stated another way, Named Plaintiffs allege that the Railroad's conduct impacts all class members by general practices.

  c. <u>Typicality</u>

Rule 23(a)(3) typicality is generally satisfied when the Named Plaintiffs' claims arise from the same common nucleus of operative facts as the claims of absent class members. In this case, the typicality requirement is satisfied as the Named Plaintiffs and the potential class members all claim that the Railroad's Common Practices have had a disparate impact upon them in the same fashion.

  d. <u>Adequacy of Representation</u>

Rule 23(a)(4) requires that the class representatives and their counsel fairly and adequately protect the interests of the class. Class counsel in this case are highly skilled,

competent and experienced class action attorneys who have a long history of successfully litigating class action civil rights lawsuits, are knowledgeable of the applicable law, and have committed the necessary resources to the case. Further, the Court notes that class counsel have vigorously litigated this case for several years, have done extensive work in identifying and investigating potential claims in this action, and have successfully negotiated a settlement for the class. Class counsel was provided with the Railroad's electronic databases describing the pay and promotion history of class members and their comparators. With the assistance of expert consultants, class counsel analyzed these data and were able to thoroughly investigate the magnitude and incidence, if any, of racial disparities in pay and/or promotion. Class counsel have determined that the settlement they have obtained is commensurate with these findings, making due allowance for the risks and uncertainties of further litigation. The Court is satisfied that the firms of Wiggins, Childs, Quinn & Pantazis, LLC., Ready & Associates, Foote Myers Mielke & Flowers, LLC., the Chavez Law Firm, P.C., and the Law Firm of Peter Currie, P.C. have thus far fairly and adequately protected and represented the interests of the settlement class and will continue to adequately represent the class. The Court also finds that the class representatives Melvin Barnes, Tracy Steele and Jeremy Williams have adequately represented the class. The class representatives' interests are sufficiently aligned with the interests of the unnamed class members and they have taken an active role in working with class counsel in the prosecution of this litigation.

e. <u>Predominance</u>

Rule 23(b)(3) requires that questions of law and fact common to the claims of Named Plaintiffs and each class member predominate over any questions of law or fact affecting any individual members of the class. All claims by Named Plaintiffs and the unnamed class members are based on allegations of Common Practices which have allegedly had a discriminatory effect against African-American employees of the Defendants. Thus, the liability issue is common to the class in this case. As all claims by Named Plaintiffs and the class members are based on the same alleged Common Practices, the predominance requirement of Fed. Civ. P. 23(b)(3) is satisfied.

f. <u>Superiority</u>

Pursuant to Rule 23(b)(3), the court finds that a class action is superior to individuals' actions in this case because (1) joinder of all class members would create extreme hardship and inconvenience for the class members due to the geographic dispersion of the class members; (2) there are no known individual class members who are interested in individually controlling the prosecution of separate actions; (3) the interest of justice would be well served by resolving the common disputes of the class members in one forum resulting in efficiencies to the Court system; (4) individual suits would not be cost effective and would have a potential detrimental impact on the Court's ability to manage and control its docket; and (5) this action is

—6—

manageable as a class action and individual lawsuits would result in great inefficiencies and cost to the Court, Named Plaintiffs, class members, and the Railroad.

In the event the Decree does not become finally approved or effective for any reason, then this conditional class certification is null and void, shall no longer be in effect and shall not be used or referred to for any further purpose in this action or any other action or proceeding. In such event, no party shall have waived the right to seek approval of or challenge/contest class certification in this case.

NOTICE TO CLASS MEMBERS

4.  As noted in the Preliminary Approval Order, the Court finds that the proposed notice to the class members attached to the Agreement as Exhibit 3 satisfies due process and is constitutionally adequate, both in terms of its substance and the manner in which it is to be disseminated. First, the notice contains all of the essential elements necessary to satisfy any due process concerns, including: (a) the nature of the action; (b) the definition of the class certified; (c) a description of the class claims, issues and defenses; (d) the identities of the parties; (e) a summary of the terms of the proposed settlement, including the amount of incentive payments and the amount of Class Counsel's fees; (f) notice that the class member may appear through an attorney; and (g) information regarding the manner in which objections can be submitted, how a class member can seek exclusion from the class, what facts will result in denial of a class member's claim, and the binding effect of the class judgment. The notice also properly informs

the settlement class members of the basis for distribution of benefits under the settlement, as well as the date and location of the Fairness Hearing for the settlement. The contents of the notice, accordingly, satisfy all of the requirements of Rule 23 and due process.

5. Second, the Court finds that the methods employed by the parties to identify settlement class members are reasonable. The Notice was disseminated by a Claims Administrator. The Railroad provided to the Claims Administrator a list of all class members that was drawn from a computerized database maintained by the Railroad. As required by the Court in its Preliminary Approval Order, the Claims Administrator provided individual notice to each class member for whom deliverable addresses were obtained. The Claims Administrator kept records of all notices returned for any reason and made substantial efforts to determine recent addresses for returned notices and forwarded new notices. Accordingly, the Court finds that the method of identifying settlement class members, as well as the timing, form, content and method of disseminating the individual notice to those persons, comports with due process and the requirements of Rule 23.

6. Due and adequate notice of the proceedings having been given to the Class and a full opportunity having been offered to the Class to participate in the fairness hearing, it is hereby determined that all Class Members, except those who timely requested exclusion, are bound by this Final Order and Judgment.

## FINAL APPROVAL OF SETTLEMENT TERMS

7. The court held a hearing to consider the fairness, reasonableness and adequacy of the proposed settlement and was advised that there were very few objections to the settlement. The Court finds that those objections lack merit.

8. The Court has considered the merits and risks in this case as well as the extent of the hard fought settlement negotiations.

9. The settlement of this race discrimination case was not the product of collusion between Plaintiffs and Defendants or their respective counsel, but rather was the result of *bona fide* and arm's-length negotiations conducted in good faith between Class Counsel and counsel for the Railroad.

10. The Court hereby modifies the Class Release in Section VII. A. of the Consent Decree by removing the references to the "Effective Date" therein and adding the following language: "The Class Release shall release claims which accrued up to and including the date the class members submitted a claim form, or, if no claim form was submitted, up to and including December 15, 2009."

11. Thus, the Consent Decree and the terms contained therein are hereby approved as fair, reasonable, just and adequate and in the best interests of the Class as a whole and in satisfaction of Rule 23 of the Federal Rules of Civil Procedure and due process requirements, provided, however, that to the extent there is any conflict between the Decree and this Order, this Order controls.

12. Pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court finds that there is no just reason for delay and therefore directs entry of this Final Order and Judgment as a final judgment that is immediately appealable.

13. In the event that the proposed settlement embodied in the Decree does not become final for any reason, or in the event that the Decree becomes null and void, pursuant to its terms, then the Decree and all orders entered in connection therewith shall become null, void and of no further force and effect and shall not be used or referred to for any purpose whatsoever in this action or in any other case or controversy. In such event, the Decree and all negotiations and proceedings related thereto shall be deemed to be without prejudice as to the rights of any and all parties thereto, and the parties shall be restored to their respective litigation positions as of the date immediately preceding the execution of the Decree.

DONE and ORDERED this 7TH day of January, 2010.

_____
JAMES B. ZAGEL
U.S. District Judge